UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AVRAM BABENKO; and <br> MARINA BABENKO, <br> Plaintiffs, <br> v. <br> ETHAN DILLON; and <br> THOMAS DILLON, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 5:19-cv-00199 |

**O P I N I O N**

**Defendants' Motion to Dismiss, ECF No. 16 ------------------------------------------------ Granted**

Joseph F. Leeson, Jr.                                                                              August 2, 2019
**United States District Judge**

I.     INTRODUCTION

In this personal injury action, Plaintiffs Avram and Marina Babenko assert two claims: (1) negligence as to Defendant Ethan Dillon; and (2) negligent entrustment as to Defendant Thomas Dillon. Plaintiffs seek compensatory, non-economic, and punitive damages from Defendants. Defendants now move to dismiss all allegations of reckless behavior and punitive damages from the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They claim that Plaintiffs failed to sufficiently allege facts that give rise to a claim for punitive damages. For the reasons set forth below, the motion to dismiss is granted.

## II. FACTUAL BACKGROUND[1]

On or about June 18, 2017, Plaintiff Avram Babenko operated a 2016 Nissan SUV with his daughter, Plaintiff Marina Babenko, as a passenger. *See* Compl. ¶ 11, ECF No. 1. Plaintiffs traveled eastbound on PA Turnpike SR 276 when a vehicle operated by Defendant Ethan Dillon struck Plaintiffs' vehicle from behind. *See* Compl. ¶¶ 11, 13. Ethan Dillon was operating the vehicle with the express or implied permission of Defendant Thomas Dillon. *See id.* Plaintiffs suffered numerous injuries as a result. *See* Compl. ¶¶ 15, 16.

In their complaint, Plaintiffs allege that Defendant Ethan Dillon was negligent, reckless, or both for, among other things: (1) operating his vehicle at an unsafe speed; (2) failing to properly brake his vehicle; (3) failing to properly observe roadways; and (4) failing to yield the right of way to other vehicles. *See* Compl. ¶¶ 25(c), 25(e), 25(g), and 25(r). Plaintiffs also allege that Defendant Thomas Dillon acted negligently, carelessly, and recklessly when he negligently entrusted his vehicle: (1) to a driver insufficiently experienced and trained in the operation of vehicles upon state and local highways; (2) to a driver without sufficient training and experience in the handling of such a vehicle at highway or greater speeds; (3) to a driver without sufficient training and experience in the maintenance of control of such vehicles at normal speeds, including but not limited to, braking and the avoidance of obstacles; and (4) to an insufficiently experienced driver to operate upon the highways of this state and to carry passengers who may contribute to distraction from the extra care and attention needed for the operation of such vehicles at highway and greater speeds. *See* Compl. ¶¶ 29(a)-(d).

---

[1] The background information in this section is taken from the complaint and is set forth as if true solely for the purpose of analyzing the pending motion to dismiss. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the '[f]actual allegations . . . raise a right to relief above a speculative level'" has the plaintiff stated a plausible claim. *Id*. at 234 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be

granted. *Hodges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

Plaintiffs bring two claims: (1) a claim against Defendant Ethan Dillon for negligence; and (2) a claim against Defendant Thomas Dillon for negligent entrustment. *See* Compl. ¶¶ 25, 29. From these two claims, Plaintiffs seek compensatory, economic, noneconomic, and punitive damages. *See* Compl. ¶ 2. Defendants move to dismiss the claim for punitive damages, arguing that Plaintiffs failed satisfied their burden to plead claims for punitive damages. *See* Defs.' Mot. Dismiss. ¶ 10, ECF No. 16.

Because this action is based on diversity jurisdiction, the alleged events underlying Plaintiffs' claims occurred in Pennsylvania, and this Court sits in Pennsylvania, the Court must apply the substantive law of the Commonwealth of Pennsylvania. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 220 (3d Cir. 2008). In Pennsylvania, punitive damages are "an 'extreme remedy' available in only the most exceptional matters. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (quoting *Martin v. Johns-Manville Corp.*, 508 Pa. 154, 171-73 (1985) *rev'd on other grounds sub nom.*). The Pennsylvania Supreme Court explained that punitive damages are only appropriate in certain circumstances:

> Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others. A defendant acts recklessly when his conduct creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent.

*Id*. (quoting *Hutchison v. Luddy*, 870 A.2d 766, 771 (Pa. 2005)) (internal quotations omitted). In circumstances where a plaintiff seeks punitive damages through a theory of deliberate indifference, the plaintiff must show that the defendant actually recognized the risk of harm and

proceeded to act in conscious disregard or indifference to that risk. *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 (Pa. 1985).

For the reasons discussed below, all allegations of reckless behavior and punitive damages are dismissed from the complaint.

### A. Count I

In Count I of the complaint, Plaintiffs assert a claim against Defendant Ethan Dillon for negligence and seek punitive damages. As explained previously, to state a claim for punitive damages under Pennsylvania law, a plaintiff must "establish[] that the defendant acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." *Phillips*, 883 A.2d at 445. The Court dismisses the claims for punitive damages in Count I because Plaintiffs fail to plead more than mere negligence.

The Honorable Kim R. Gibson considered a similar request for punitive damages in *Elmi v. Kornilenko*, No. 17-cv-177, 2018 U.S. Dist. LEXIS 33950 (W.D. Pa. 2018). In that case the defendant moved to dismiss the plaintiff's claims for punitive damages as a result of a car accident. There, the punitive damages claims were based on the plaintiff's failed attempt to pass another vehicle. In the complaint, the plaintiff alleged that the defendant "did not comply with the applicable state and federal safety regulations because he failed to practice proper visual search, space management, and hazard perception methods." *Id*. at *4. The defendant collided with the rear driver side of the plaintiff's vehicle and the plaintiff was injured as a result. In granting the defendant's motion to dismiss the plaintiff's claim for punitive damages, the court noted that "the common theme . . . is that Pennsylvania law requires 'something more' than negligence." *Id*. at *12. Judge Gibson concluded that "the inclusion of simple allegations that a

5
080219

[motorist] did not comply with the law or violated regulations does not, by itself, satisfy the requirements of Pennsylvania law for awarding punitive damages." *Id*.

Here, Plaintiffs allegations are similar in nature to those alleged in *Elmi*—essentially that Defendant did not comply with the law or violated regulations. Plaintiffs allege that Ethan Dillon failed to have his vehicle under proper control, operated his vehicle at an unsafe speed under the circumstances, failed to warn other vehicles as to the approach and intended direction of his vehicle, and failed to properly observe the roadways. *See* Compl. ¶ 25(a), (c), (f), (g). Plaintiffs fail to allege "something more" as required by Pennsylvania law. *See Elmi*, 2018 U.S. Dist. LEXIS 33950, at *11-12. Allegations that Defendant did not comply with the law, by themselves, are insufficient to satisfy the requirements of Pennsylvania law for awarding punitive damages. For this reason, the Court grants Defendants' motion to dismiss all allegations of reckless behavior and punitive damages on Count I.

### B. Count II

In Count II, Plaintiffs bring a claim for punitive damages against Defendant Thomas Dillon for negligent entrustment. As explained previously, to state a claim for punitive damages under Pennsylvania law, a plaintiff must "establish[] that the defendant acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." *Phillips*, 883 A.2d at 445 (Pa. 2005). Plaintiffs have not alleged that Thomas Dillon acted with an "evil motive" and therefore must allege sufficient allegations to support the statement that he actually recognized the risk of harm and proceeded to act in conscious disregard or indifference to that risk. *See Martin*, 494 A.2d, at 1097.

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actors knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*Christiansen v. Silfies*, 446 Pa. Super., 464, 473 (1995) (citing Restatement (Second) of Torts, § 308 (1965)). Plaintiffs fail to allege more than mere negligence. Therefore, the Court will dismiss the claim for punitive damages.

In a similar case involving an automobile accident, the Honorable Berle M. Schiller dismissed the plaintiffs' request for punitive damages in a claim for negligent entrustment against the owner of a truck and two corporate entities which employed the driver of the truck who hit the plaintiffs' vehicle. *See Perez v. Bardo*, No. 11-cv-376, 2011 U.S. Dist. LEXIS 27532 (E.D. Pa. March 17, 2011). In *Perez*, the plaintiffs' vehicle was struck by the driver of a truck, George Bardo. *See id.* at *2. The plaintiffs brought claims against Bardo, the owner of his truck, and two corporate entities which employed the him. As to the employers and the owner, plaintiffs sought punitive damages on the negligent entrustment claim for failing to service or maintain the truck and negligently entrusting the truck to Bardo knowing he was insufficiently trained. *See id.* at *6. Judge Schiller found that "[s]uch allegations of negligent conduct, without more, [did] not support a finding of recklessness." *Id*. Further, Judge Schiller noted that those "allegations do not support an inference that these defendants were aware of the risks posed by allowing Bardo to drive." *Id*. Therefore, Judge Schiller granted the defendants' motion to dismiss the claims for punitive damages. *Id*.

Plaintiffs' complaint, like the complaint in *Perez*, does not allege anything more than negligence as it relates to Thomas Dillon's alleged negligent entrustment. Plaintiffs allege that Thomas Dillon negligently entrusted: (1) his vehicle to a driver insufficiently experienced and trained in the operation of vehicles upon state and local highways; (2) his vehicle to a driver without sufficient training and experience in the handling of such vehicle at highway or greater speeds; (3) the operation of his vehicle to a driver without sufficient training and experience in

the maintenance of control of such vehicles at normal speeds, including but not limited to, braking and the avoidance of obstacles; and (4) his vehicle to an insufficiently experienced driver to operate upon the highways of Pennsylvania and to carry passengers who may contribute to distraction from the extra care and attention needed for the operation of such vehicles at highway or greater speeds. *See* Compl. ¶¶ 29(a)-(d). These allegations are similar to those in *Perez*, where the plaintiffs alleged that the defendant's employer was reckless when it allowed the defendant to operate a truck without sufficient training and experience. *See Perez*, 2011 U.S. Dist. LEXIS 27532, at *6. Here, like in *Perez*, Plaintiffs similarly failed to allege that Thomas Dillon was aware of the risks posed by allowing Ethan Dillon to operate the vehicle. These allegations, without more, do not support a finding of recklessness. Therefore, the Court grants Defendants' motion to dismiss all allegations of reckless behavior and punitive damages on Count II.

V. **CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss all allegations of reckless behavior and punitive damages from the complaint is granted. As this is Plaintiffs' first complaint, the Court will dismiss without prejudice and allow leave to amend. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge